```
1  BENJAMIN B. WAGNER
   United States Attorney
2  ROBIN R. TAYLOR
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone:  (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) 2:09-cr-00449-JAM |
|---|---|
| Plaintiff, | ) APPLICATION FOR ORDER |
|  | ) REGARDING CRIMINAL FORFEITURE |
| v. | ) OF PROPERTY IN GOVERNMENT |
|  | ) CUSTODY - 18 U.S.C. § |
| JOSEPH HATFIELD, and JAHMEELAH SULLINS, | ) 983(a)(3)(B)(ii)(II) |
| Defendants. | ) |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

On or about February 12, 2009, Sacramento County Sheriff's Department was contacted by a Southwest Airline Baggage Agent at Sacramento International Airport regarding an unidentified suitcase left in the baggage claim area.  Pursuant to Southwest Airlines policy, employees of the airline opened the suitcase and found a volume of counterfeited credit cards, a fraudulent California driver's license in the name of Adam Constant, an

alias used by Joseph Hatfield (hereafter "Hatfield"), and a credit card reader/encoder device used to read and manufacture counterfeited credit cards.

On or about July 1, 2009, agents with the Sacramento Valley Hi-Tech Crimes Task Force ("SVHTC"), the United States Secret Service ("USSS") and the Sacramento County Sheriff's Department executed a State search warrant at a residence located at 5951 Riverside Blvd., Apartment #211, Sacramento, California.  The officers seized the following during the execution of the State search warrant:

a) Toshiba lap top computer;
b) Two reader/encoders;
c) Skimmer;
d) Approximately $26,900 in U.S. Currency; and
e) Gold and diamond earrings.

Hereinafter, the above-referenced assets are referred to as the "seized assets".

On October 22, 2009, the Grand Jury returned an Indictment containing forfeiture allegations that include the seized assets. The Indictment alleges that the seized assets are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C).

Title  18 U.S.C. § 982(b)(1) and 18 U.S.C. § 1029(c)(2) incorporate the forfeiture procedures set forth in 21 U.S.C. § 853.  That statute provides several methods for preserving property for the purpose of criminal forfeiture.  One such provision authorizes a court upon the filing of an indictment charging an offense for which forfeiture may be ordered and alleging that specific property would, in the event of conviction, be subject to forfeiture to "take any other action to

1  preserve the availability" of such property.  See 21 U.S.C. §
2  853(e)(1)(A).  Such restraining orders may be entered ex parte.
3  And, in entering the order, the Court may rely on the grand
4  jury's return of an indictment specifying that the property
5  shall, upon conviction, be subject to forfeiture to the United
6  States.  *See, e.g., United States v. Jamieson*, 427 F.3d 394, 405-
7  06 (6th Cir. 2005) (initial issuance of restraining order under
8  Section 853(e)(1)(A) may be ex parte and based on grand jury's
9  finding of probable cause).

10     The government contends here that the "take any other action
11 to preserve the availability" of property provision of Section
12 853(e)(1)(A) applies in circumstances where, as here, the
13 government has already obtained lawful custody of the assets
14 pursuant to a State search warrant, and the policies in place at
15 Southwest Airlines, and the government seeks to continue to
16 maintain custody of such assets pending further criminal
17 forfeiture proceedings.  Accordingly, pursuant to Section
18 853(e)(1)(A) of Title 21, the United States respectfully moves
19 this court to issue an ex parte order based on the grand jury's
20 finding of probable cause that directs the United States may
21 maintain custody of the seized assets through the conclusion of
22 the pending criminal case.

23 DATED: November 10, 2009            BENJAMIN B. WAGNER
                                      United States Attorney

25                                     /s/ Robin R. Taylor
                                      ROBIN R. TAYLOR
26                                    Assistant U.S. Attorney

**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the United States Secret Service (or a designee), are authorized to maintain and preserve the following assets until the conclusion of the instant criminal case, or pending further Order of this Court:

a)  Toshiba lap top computer;
b)  Two reader/encoders;
c)  Skimmer;
d)  Approximately $26,900 in U.S. Currency; and
e)  Gold and diamond earrings.

IT IS SO ORDERED.

DATED: 11/10/2009                    /s/ John A. Mendez
                                     JOHN A. MENDEZ
                                     UNITED STATES DISTRICT JUDGE